UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| SAFRON HUOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. |
| v. | ) | 5:17-cv-298-JMH |
| | ) | |
| MONTANA STATE DEPARTMENT OF CHILD AND FAMILY SERVICES, et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\*

## I.  INTRODUCTION

Plaintiff Safron Huot has filed a *pro se* Complaint, as well as a Motion for Leave to Proceed *In Forma Pauperis* [DE 3], Motion to Appoint Counsel [DE 4], and Motion to Set Aside Adoption and Reinstate Full Parental Rights [DE 5].  Because Plaintiff has submitted a Motion to Proceed *In Forma Pauperis*, the Court must conduct an initial screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

"[A]llegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers."  *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). *But see Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012) (observing that "this lenient treatment has limits").  If the Court determines that this matter is frivolous or malicious,

1

fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, dismissal is appropriate. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). "[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under [28 U.S.C. § 1915(e)(2)]." *LaFountain*, 716 F.3d at 951. However, such relief need not be granted when "the claims are not remediable by amendment," making it "futile to permit an amended complaint." *See, e.g., Milstead v. Bedford Cty. Sheriff's Dep't*, No. 4:12-CV-52, 2014 WL 420395, at *9 (E.D. Tenn. Feb. 4, 2014) (citing *LaFountain*, 716 F.3d at 944).

Plaintiff asserts that federal question jurisdiction is present in this matter, characterizing it as a civil rights action arising out of a judicial proceeding that terminated her parental rights in 2012. [DE 1]. She seeks damages from the Montana State Department of Child and Family Services, the Montana Supreme Court, the Deer Lodge County District Court of Montana, and Judge Ray Dayton, as well as attorneys, guardians ad litem, psychologists, family members, and other individuals involved in that proceeding. [*Id.*]. She also asks the Court to grant her full custody of her children. [*Id.*].

On September 6, 2016, Plaintiff filed a Complaint asserting the same claims against these Defendants in the United States District Court for the District of Oregon. *See Huot v. Montana St. Dep't of Child and Family Servs.*, No. 3:16-cv-1767-KI (D. Oregon Sept. 6, 2016), DE 1. She also sought the same relief that she has requested in this case. *Id.* On September 13, 2016, the Honorable Garr M. King issued a Memorandum Opinion and Order dismissing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) for lack of subject-matter jurisdiction. *Id.* at DE 9. Plaintiff appealed the decision to the United States Court of Appeals for the Ninth Circuit. *Id.* at DE 10. The Ninth Circuit dismissed the appeal for failure to perfect it in a timely fashion and denied Plaintiff's subsequent Motion to Reinstate the Appeal. *Id.* at DE 11, 12.

The United States Court of Appeals for the Sixth Circuit has stated that:

> A claim is barred by the res judicata effect of prior litigation if all of the following elements are present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action."

*Browning v. Levy*, 283 F.3d 761, 771-72 (6th Cir. 2002) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

3

In the Oregon case, Judge King concluded that "subject matter jurisdiction is not apparent on the face of the complaint" and dismissing the case without prejudice. This qualifies as a final judgment on the merits. *See Hill v. Elting*, 9 F. App'x 321, 322 (6th Cir. 2001) (holding that dismissal of a complaint under § 1915(e) had res judicata effect on a subsequent identical action). Plaintiff subsequently filed the Complaint in this Court, raising the same claims and issues discussed in the Oregon case against the same Defendants named therein.[1] Accordingly, Plaintiff's claims are barred by res judicata. The Court will not grant Plaintiff leave to amend her Complaint because such an exercise would be futile in this situation.[2] *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572-73 (6th Cir. 2008) (explaining that leave to amend is futile if res judicata bars the claim).

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Plaintiff's Complaint [DE 1] be, and is, hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [DE 3], Motion to Appoint Counsel [DE

---

[1] The Court notes that Plaintiff named three additional Defendants in the Oregon case who are not named here. This does not change the Court's res judicata analysis because all Defendants named in this action were also Defendants in the Oregon case.

[2] Even if Plaintiff is able to amend her Complaint to assert different claims or add Defendants that are not subject to res judicata, amendment would nevertheless be futile because venue is improper, for the same reasons explained by Judge King in his Memorandum Opinion and Order. *See Huot*, 3:16-cv-1767-KI (D. Oregon Sept. 13, 2016), DE 9.

4

4], and Motion to Set Aside Adoption and Reinstate Full Parental Rights [DE 5] be, and are, hereby **DENIED AS MOOT**.

This the 21st day of July, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge